UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
Montague Ellis, as father and natural guardian of infant plaintiff M.E.,

                            Plaintiff,

               -against-

CITY OF NEW YORK; POLICE OFFICER STEVEN SOUFFRIN, POLICE OFFICER ANTHONY GUADAGNO and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13-CV-2072 (SJ)(RML)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff M.E. ("plaintiff" or "M.E.") by his father and natural guardian, Montague Ellis, is an infant and resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

11. At all times Police Officer Steven Souffrin ("Souffrin") and Police Officer Anthony Guadagno ("Guadagno") were police officers, detectives or supervisors employed by the NYPD. At all times relevant herein, defendants Souffrin and Guadagno were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants Souffrin and Guadagno are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. At approximately 9:15 p.m. on December 29, 2012 plaintiff, who was sixteen years old at the time, was stopped, searched and arrested by the defendants SOUFFRIN and GUADAGNO in the vicinity of 505 Neptune Avenue in Brooklyn, New York.

13. Plaintiff was transported to the police precinct.

14. Plaintiff complied with all instructions and did not resist arrest in any way.

15. At the precinct, SOUFFRIN and GUADAGNO placed plaintiff in an interrogation room and questioned him about various crimes.

16. Plaintiff had no information concerning these crimes.

17. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff committing a crime.

18. At no point did the officers observe plaintiff commit any crimes or offenses.

19. From the police precinct, plaintiff was taken to Brooklyn Central Booking.

20. Plaintiff was subsequently released as the Kings County District Attorney declined prosecution of plaintiff.

21. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment and humiliation.

22. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

## FIRST CLAIM
## 42 U.S.C. § 1983

23. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

24. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

25.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26.   Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
### False Arrest

28.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.   Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

31.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

## FOURTH CLAIM
### Failure to Intervene

32. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

33. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   December 2, 2013
         New York, New York

                                        \_\_\_\_/SS/_____
                                        Robert Marinelli

299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*